IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK PEET, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-CV-67-SMY-RJD |
| CHRISTOPHER GREEN, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Frederick Peet's Motion to Remand this matter to state court (Doc. 16). Defendant Christopher Green filed a Response in opposition (Doc. 22). For the following reasons, Plaintiff's motion is **GRANTED**.

This case is brought under the now-abolished Illinois alienation of affection statute, 740 ILCS 5/1 *et seq.* Plaintiff filed a Complaint in St. Clair County, Illinois Circuit Court alleging that Defendant had pursued and seduced Rita Peet (Plaintiff's wife), resulting in a pending divorce. (Complaint, Doc. 1-1). He seeks actual damages from the loss of his wife's financial contributions to the marriage; approximately $85,000 per year. (*Id.*). Defendant subsequently removed the case to this Court, claiming that removal was proper under 28 U.S.C. §§ 1332(a) and 1441(a) because complete diversity between the parties exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (Notice of Removal, Doc. 1).

In his state court Complaint, Plaintiff alleges that he "maintained a marital residence" in Belleville, Illinois during all times relevant to the case. (Doc. 1-1, ¶1). The Complaint further alleges that Defendant was a resident of St. Clair County, Illinois. (Id. at

¶ 2). The Notice of Removal asserts that at the time the present suit was filed, Defendant was a citizen of St. Louis County, Missouri. (Doc. 1, ¶7). It also asserts that the Complaint establishes Plaintiff as a citizen of Illinois and that the amount in controversy exceeds $85,000 (Id. at ¶¶ 6, 9). Plaintiff argues that there is no diversity of citizenship because both he and Defendant are citizens of Missouri. (Doc. 16 at ¶ 7).

Federal district courts are courts of limited jurisdiction which "possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). The party seeking to invoke federal jurisdiction bears the burden of showing that the requirements for subject matter jurisdiction are satisfied. *Smart v. Local 702 Int'l Bhd. of Electrical Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). Courts interpret the removal statutes narrowly, resolving "any doubts regarding subject matter jurisdiction in favor of remand." *Kenosha Unified Sch. Dist. v. Stifel Nicolaus & Co. Inc.*, 607 F. Supp. 2d 967, 973 (E.D. Wis. 2009) (citing *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

Although Defendant has filed motions to dismiss and for sanctions which are currently pending, the threshold question is whether this Court has subject matter jurisdiction over the case at all.[1] Subject matter jurisdiction based on Section 1332(a)

---

[1] Defendant urges the Court to dismiss the case on the grounds asserted in his Motion to Dismiss (Doc. 14) before taking up the Motion to Remand. (Doc. 22 at 12-15). Defendant is correct that a court has leeway "to choose among threshold grounds for denying audience to a case on the merits." S*inochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). However, ruling on the Motion to Dismiss would require extensive fact-finding and analysis to determine whether the alleged acts underlying the claim took place before January 1, 2016

requires complete diversity of citizenship among the parties plus an amount in controversy that exceeds $75,000, exclusive of interest and costs.  Citizenship of an individual is the state of the individual's domicile—"the state he considers his permanent home." *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991).  A party's declaration of citizenship is not to be taken at face value.  Instead, the focus is on the "center of gravity" for that party's lifestyle.  *Id.*  Factors relevant to a person's intent to make a residence his or her domicile include "current residence, voting registration and voting practices, location of personal and real property, location of financial accounts, membership in unions and other associations, place of employment, driver's license and automobile registration, and tax payments."  *Strabala v. Zhang*, 318 F.R.D. 81, 97 (N.D. Ill. 2016) (citation omitted).

By affidavit, Plaintiff states that the Illinois "marital residence" referenced in the Complaint is one of three residences he maintains (the other two being in Lake of the Ozarks, Missouri and Franklin County, Missouri), that his place of residence has been Missouri since 1986, and that he intends to remain there.  (Affidavit of Frederick Peet, Doc. 16 at 4-5).  He further attests that the Franklin County residence is where he resides and the house in Belleville was where his wife resided (Id.);  that he has a Missouri driver's license (renewed in 2016); is registered to vote in Missouri; and has his medical practice in Missouri.  (Id. at 4-9).

Defendant argues that under Illinois law, a person can have only one "residence," and because Plaintiff states in the Complaint that he maintained *a* residence in Illinois, he is estopped from claiming citizenship of any other state.  This argument fails at several points. First, "citizenship cannot be acquired by estoppel[.]"  *Galva*, 924 F.2d at 730-731.  Second,

---

(the effective date of the abolition of the alienation of affection statute) but recently enough to avoid a statute of limitations issue.  Therefore, the Court will take up the question of its own jurisdiction first.

Defendant's reliance on *Marksym v. Board of Election Com'rs of City of Chicago*, 950 N.E.2d 1051 (2011) is misplaced.  A state court decision is irrelevant to a federal court's determination of a party's citizenship for purposes of federal subject matter jurisdiction. "[F]ederal law controls this court's subject matter jurisdiction, and state law cannot expand or contract that grant of jurisdiction[.]" *First Transit, Inc. v. City of Racine*, 359 F. Supp. 2d 782, 785 (E.D. Wis. 2005) (citing *Goetzke v. Ferro Corp.*, 280 F.3d 766, 778–79 (7th Cir. 2002)).  Under federal law, citizenship and residence are distinct concepts such that alleging a state of residence is inadequate to establish a party's citizenship.  See *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014).  Thus, Plaintiff's assertion in the Complaint that he maintained a residence in Illinois is not dispositive.

Defendant also argues that Plaintiff's 2016 income tax filings, filed in 2017, show that he considered himself a resident of Illinois.  Specifically, Defendant points out that Plaintiff (through his tax preparer) made sworn declarations that both he and his wife are full-time residents of Illinois and non-residents of Missouri.  Additionally, the documents indicate that Plaintiff claimed an Illinois Property Tax Credit on the Belleville residence, which Defendant argues is only available if a taxpayer's primary residence is in Illinois.

Leaving aside for the moment questions of authenticity, the applicability of the Federal Rules of Evidence at this stage of litigation and whether these documents would be considered "competent proof" under *Hertz*, the Court does not find the documents to be dispositive.  In *Galva*, the question that was raised was where the defendant was domiciled at the time of suit—Illinois or Florida.  On the one hand, he spent the most time at his Illinois residence; maintaining church and country club memberships.  Upon leaving his company, however, he had registered to vote in Florida, had taken out a Florida driver's

license, had stated in an application for a Florida tax exemption that he had become a permanent resident of Florida, and had listed his Florida address as his permanent address on both his federal and Illinois income tax returns.

The Seventh Circuit found that notwithstanding the defendant's official representations that his domicile was in Florida, the reality was that he had never really intended to change the "center of gravity" of his life from Illinois. Specifically, the Court determined that the defendant's claims of permanent residency and domicile in Florida were made in an attempt to claim favorable tax status rather than an actual desire to base his life outside of that state. Noting that "citizenship cannot be acquired by estoppel," the Seventh Circuit affirmed the trial court's determination that even this "shady business" did not make the defendant a Florida citizen for diversity purposes. *Galva*, 924 F.2d at 729-731. Similarly, Plaintiff's alleged representations on tax forms here are not determinative in light of the significant official and unofficial ties to Missouri that Plaintiff has maintained.

Moreover, another court in this District previously found that Plaintiff was domiciled in Missouri for purposes of determining federal diversity jurisdiction. In that case, Plaintiff was himself sued in Illinois state court in December 2015 and attempted to remove the case to federal court on diversity grounds, claiming that he was a citizen of Illinois. *Stegmeyer v. Peet*, No. 16-CV-0096-MJR-PMF, 2016 WL 1039954, at *1 (S.D. Ill. Mar. 16, 2016). After analyzing factors including Plaintiff's possession of two Missouri residences, his Missouri medical practice, Missouri voter registration, payment of taxes in Missouri and Missouri driver's license, District Judge Michael Reagan concluded, "Peet is now [March 2016], was in December 2015 when this suit was filed in state court, and was in January 2016 when the suit was removed to this Court, domiciled in Missouri." *Id.* at *3.

Defendant correctly argues that Judge Reagan's determination in *Stegmeyer* is not the last word on the matter. Time has passed since Judge Reagan's ruling, individuals are allowed to change their place of domicile, and there is now some question as to whether the "pays Missouri taxes" factor applies. However, there is a presumption in favor of an individual's old, established domicile, and asserting a change in domicile requires proof of both a physical presence at the new location and an intention to remain there indefinitely. *Kenosha Unified Sch. Dist.,* 607 F. Supp. 2d at 974 (citing *Texas v. Florida,* 306 U.S. 398, 427 (1939) and *Lew v. Moss*, 797 F.2d 747, 750-51 (9th Cir.1986)).

Here, Defendant has not presented adequate proof of Plaintiff's intention to transfer his domicile from Missouri to Illinois. As was the case in *Galva*, there may be some "shady business" involved in Plaintiff's statements about residency for tax purposes, which the taxing authorities of each state may want to discuss with him. But that does not settle the issue for diversity jurisdiction for this Court. Plaintiff's domicile, and therefore citizenship, remains Missouri.

Finally, Defendant argues that this case should be dismissed with prejudice anyway if Plaintiff is determined to be a Missouri resident on either of two bases: that the Illinois state court would not have personal jurisdiction on the remanded case, or that Illinois choice-of-law considerations suggest it would apply Missouri law (which has no alienation of affections cause of action). (Doc. 22 at 15-20). Essentially, Defendant invites this Court, after it has decided that it lacks subject matter jurisdiction, to engage in analyses under Illinois law of whether the state court would dismiss the claim. The Court declines the invitation – those are issues for the state court to decide on remand.

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. This Court does not

have subject matter jurisdiction over this case and is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the matter to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Accordingly, the Clerk of Court is **DIRECTED** to close this case and all pending motions are terminated as **MOOT**.

**IT IS SO ORDERED.**

**DATED: April 16, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**